IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD SCOTT WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00685 |
| ) | JUDGE RICHARDSON |
| SONTARA OLD HICKORY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 19, "Motion"), which asks the Court to dismiss one of Plaintiff's claims, namely Count III for intentional infliction of emotional distress. Plaintiff filed a response to the Motion (Doc. No. 24-1), and Defendant filed a Reply (Doc. No. 25).

### BACKGROUND

Plaintiff's Complaint alleges that Plaintiff is a former employee of Defendants who was terminated by Defendants on December 14, 2018 on the grounds that he purportedly violated company policy regarding attendance. Plaintiff has sued Defendants for interference with his rights under the Family and Medical Leave Act ("FMLA"), retaliation in violation of the FMLA, and intentional infliction of emotional distress. Defendant asks the Court to dismiss Plaintiff's claim for intentional infliction of emotional distress as barred by the applicable statute of limitations.

### MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

2

To support a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 433 (6th Cir. 2008). That is not to say that the movant has some *evidentiary* burden; as should be clear from the discussion above, evidence (as opposed to *allegations* as construed in light of any allowable matters outside the pleadings) is not involved on a Rule 12(b)(6) motion. The movant's burden, rather, is a burden of *explanation*; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim.

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). A plaintiff does not need to plead the lack of an affirmative defense to state a valid claim. *Thompson v. Hendrickson USA, LLC*, No. 3:20-cv-00482, 2021 WL 848694, at *3 (M.D. Tenn. Mar. 5, 2021) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case ... dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (quoting *Cataldo,* 676 F.3d at 547).

## ANALYSIS

The allegations of the claim that Defendants ask the Court to dismiss, Count III, are as follows:

> By termination of Plaintiff because he took lawful leave provided to him under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. after having been told by Defendants that he had been approved for leave, Defendants have intentionally and recklessly engaged in outrageous conduct that has caused serious mental injury to Plaintiff Webster.

Doc. No. 1, ¶ 69.

Intentional infliction of emotional distress is a state-law tort claim that Tennessee law views as a personal injury claim. *Wiggins v. Kimberly-Clark Corp.,* 641 F. App'x 545, 550 (6th Cir. 2016). Thus, the statute of limitations for intentional infliction of emotional distress in Tennessee is that for injury to the person, which is one year. *Williams v. White Castle Syst., Inc.,* 526 F. Supp. 2d 830, 848 (M.D. Tenn. 2007); Tenn. Code Ann. § 28-3-104(a)(1)(A). "[I]ntentional infliction of emotional distress is a personal injury tort, governed by the general one-year statute of limitations" in Tenn. Code. Ann. § 28-3-104. *Campbell v. AdhereHealth, LLC*, No. 3:19-cv-00730, 2020 WL 5702471, at *5 (M.D. Tenn. Sept. 23, 2020) (quoting *Leach v. Taylor,* 124 S.W.3d 87, 91 (Tenn. 2004)).

Tennessee courts apply the "discovery rule" in tort actions such that a cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 106 (Tenn. 2006). Defendants argue, based upon the above-quoted section of Plaintiff's Complaint, that Plaintiff "discovered" any cause of action for intentional infliction of emotional distress on the date of his termination, which was December 14, 2018. This action was not filed until August 10, 2020. Thus, Defendants maintain, Plaintiff's claim for intentional infliction of emotional distress is barred by the one-year statute of limitations.

In response, Plaintiff asserts that his intentional infliction of emotional distress claim is "merely an element of the damages arising from [his FMLA] claims." (Doc. No. 24-1 at 1).[1] He

---

[1] Plaintiff also asserts that his intentional infliction of emotional distress claim is "parasitic" to his FMLA claims. The Court does not know what Plaintiff means by "parasitic" in this context.

also states that he has experienced emotional distress intentionally inflicted upon him by his former employer "which is nothing more than an element of his overall damages." (*Id.* at 2).

The Court finds this hard to accept considering that Count III is both captioned and pleaded precisely the way a separate claim for intentional infliction of emotional distress would be. And as if to illustrate that he himself does not buy this either, Plaintiff proceeds to defend the viability of Count III as a separate claim, arguing that a three-year statute of limitations for property tort claims should apply to Count III because the FMLA provided him certain property rights to be restored to his former position upon his return from FMLA leave. Plaintiff is incorrect. He admits that his employment with Defendants was on an "at will basis." (Doc. No. 24-1 at 2). The case Plaintiff cites, *Killian v. Yorozu Automotive Tenn.,* 454 F.3d 549 (6th Cir. 2006), does not hold that FMLA rights are property rights. The other case he cites, *Sudberry v. Royal & Sun Alliance,* 2006 WL 2091386 (Tenn. Ct. App. Nov. 20, 2006), involved a plaintiff who alleged he had a *contract* for continued employment. The court held that to the extent the plaintiff had a contract, the three-year statute of limitations for loss of property, including contractual rights, applied. Here Plaintiff had no contract; rather, as he has admitted, he was employed on an "at will" basis.

The Court finds that to the extent Plaintiff has brought a separate claim for intentional infliction of emotional distress, that claim is barred by the applicable statute of limitations. To the extent Plaintiff claims emotional distress as an element of his damages for violations of the FMLA, the viability of those damages is a question for another day.

## CONCLUSION

The allegations in the complaint affirmatively show that the claim for intentional infliction of emotional distress (set forth in Count III) is time-barred. For this reason, Defendants' Motion

5

to Dismiss will be granted, and Count III of the Complaint will be dismissed. An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

6