UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:20-cv-00685 |
| | ) | District Judge Eli J. Richardson |
| SONTARA OLD HICKORY, INC., | ) | Magistrate Judge Barbara D. Holmes |
| TWIG AMERICA INC., and | ) | Jury Demand |
| JACOB HOLM & SONER | ) | |
| HOLDING A/S, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendants Sontara Old Hickory, Inc. ("Sontara"), TWIG America, Inc. ("TWIG"), and Jacob Holm & Sønner Holding A/S ("Jacob Holm") (collectively "Defendants") respectfully move the Court to enter summary judgment on Richard Scott Webster's ("Webster") claims against Defendants in this lawsuit.

This lawsuit arises from Sontara's denial of Webster's request for continuous Family Medical Leave Act ("FMLA") leave and subsequent termination of Webster's employment from Sontara pursuant to the attendance policy. Webster asserts claims for interference and retaliation under the FMLA. There are no genuine issues of material fact here and none of Webster's claims has merit. Accordingly, all of Webster's claims should be dismissed in their entirety with prejudice. First, Sontara gave Webster timely notice of his FMLA eligibility. Second, Webster cannot establish that he was denied benefits to which he was entitled because the Certifications of Health Care Provider submitted by Webster did not support his need for the continuous leave requested and taken. Third, Webster cannot show retaliation because he cannot establish a causal

connection between an FMLA-protected activity and his termination. Furthermore, Sontara terminated Webster for a legitimate business reason—accumulation of points under the attendance policy. Webster cannot show that such reason was pretextual. Moreover, even if Webster could survive summary judgment and ultimately succeed on his FMLA claims, Webster's damages are cut off because he did not apply to a single job and failed to mitigate his damages following his termination from Sontara. Finally, all claims against Defendants TWIG and Jacob Holm should be dismissed with prejudice because Webster cannot show that either TWIG or Jacob Holm was his employer.

For these reasons, the Court should grant Defendants' Motion for Summary Judgment. In further support of this Motion, Defendants rely upon the following items, filed contemporaneously herewith:

1. Memorandum of Law

2. Statement of Undisputed Material Facts

3. Notice of Filing appending relevant portions of the record, including excerpts from and exhibits to the depositions of Scott Hill, Richard Scott Webster, Susan Webster, Jeannie Swafford, and Ashley Woodson; Plaintiff's Responses to Defendants' First Set of Interrogatories; and the Declarations of Lee Guthrie, Ashley Woodson, Sara Anne Quinn, and Rona Wexler, and exhibits thereto.

Respectfully submitted,

/s/ Sara Anne Quinn
Sara Anne T. Quinn (#29424)
Alexandra Ortiz Hadley (#36892)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South, Suite 1600
Nashville, Tennessee 37201
(615) 651-6700
(615) 651-6701
saraanne.quinn@butlersnow.com
alexa.hadley@butlersnow.com

*Counsel for Defendants Sontara Old Hickory, Inc., TWIG America Inc. and Jacob Holm & Sønner Holding A/S*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Defendants' Motion for Summary Judgment has been served via the Court's ECF system this August 20, 2021, on the following:

James W. Edwards
Corley Henard Lyle Levy & Langford PLC
177 East Main Street
Lancaster Building, Suite 4
Hendersonville, TN 37075
Tel 615-590-7005; Fax 615-590-7768
Email: lawyerjim41@gmail.com

*Counsel for Plaintiff*

/s/ Sara Anne Quinn

60662458.v1